UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:

EKATERINA KRASNOV,

**COMPLAINT**

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AND M. G. CREDIT INC.,

**DEMAND FOR JURY TRIAL**

Defendants.

_____/

## **COMPLAINT**

Plaintiff, Ekaterina Krasnov ("Plaintiff"), by and through undersigned counsel, files this Complaint against Experian Information Solutions Inc. ("Defendant Experian" or "Experian"), Defendant Trans Union LLC ("Defendant Trans Union" or "Trans Union"), and Defendant M. G. Credit Inc. ("Defendant M. G. Credit" or "M. G. Credit"), pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

## **JURISDICTION AND VENUE**

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

PAGE | **1 of 30**

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.     Plaintiff respectfully demands a trial by jury on all counts and issues so triable.

## PARTIES

4.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in St. Johns County, Florida.

5.     Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.     Defendant Trans Union is a Delaware limited liability company whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC § 1681a(f).

7.     Defendant M. G. Credit is a Florida corporation whose registered agent is Clifford Mau, located at 5115 San Juan Ave, Jacksonville, Florida 32210.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## GENERAL ALLEGATIONS

8.     This action involves derogatory and inaccurate reporting of the Alleged Consumer Debt (the "Consumer Debt") by M. G. Credit to the Credit Reporting Agencies, Experian and Trans Union.

9.     The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

10.     The Consumer Debt allegedly arises from an obligation Plaintiff had with the Creditor of the Consumer Debt, Champions Gymnastics Club ("Champions"), in 2018.

11.     In May of 2018, Plaintiff attempted to cancel her daughter's membership to Champions Gymnastics Club. Champions advised that it would not be able to immediately cancel the membership because Plaintiff had not provided sixty (60) days written notice.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12.     Almost immediately thereafter, Plaintiff provided Champions with the written notice and was charged the membership fee for the months of May and June 2018.

13.     In December of 2018, Plaintiff realized that she had been charged the membership fee by Champions for the months of September, October, and November of 2018.

14.     Upon her discovery of the unauthorized charges, given that she had given Champions the sixty (60) day notice it required to cancel the membership, Plaintiff reached out to Capital One Bank, which provided the line of credit that was charged the unauthorized membership fees.

15.     Capital One Bank investigated the charges and, upon the conclusion of the investigation, Capital One Bank refunded Plaintiff $205.00 for the months of September, October, and November 2018 each.

16.     In 2021, Plaintiff received a collection letter from M. G. Credit, attempting to collect $1,020.00 from Plaintiff on behalf of Champions.

17.     Plaintiff requested verification of the Consumer Debt from Defendant M. G. Credit.

18.     Plaintiff does not owe any money to Champions for the membership fees for September, October, and November of 2018.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

19.     In or around October 2023, Plaintiff requested a copy of her credit report from Defendant Experian. The Experian report inaccurately listed the Consumer Debt on her personal credit report.

20.     In or around October 2023, Plaintiff submitted a dispute to Defendant Experian requesting that Experian remove the Consumer Debt because she did not owe the Consumer Debt.

21.     On or around October 16, 2023, Defendant Experian verified the Consumer Debt as accurate despite receiving evidence from Plaintiff that the Consumer Debt was being inaccurately reported.

22.     On or around January 2024, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union report inaccurately listed the Consumer Debt on her personal credit report.

23.     On or around January 2024, Plaintiff submitted a dispute to Defendant Trans Union requesting that Trans Union remove the Consumer Debt because she did not owe the Consumer Debt.

24.     On or around January 23, 2024, Defendant Trans Union verified the Consumer Debt as accurate despite receiving evidence from Plaintiff that the Consumer Debt was being inaccurately reported.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     As of the filing of this complaint, Defendant Experian and Defendant Trans Union are still reporting the Consumer Debt on Plaintiff's credit reports.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

26.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5 and 8-21 of this Complaint.

27.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Consumer Debt with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Consumer Debt with Defendant Experian, a consumer reporting agency.

28.     In or around October of 2023, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around October of 2023, Plaintiff disputed this inaccurate and derogatory information to Experian.

29.     Defendant M. G. Credit verified the inaccurate and derogatory reporting. Despite Experian having been put on notice of the inaccurate and derogatory reporting, Experian did not remove the inaccurate and derogatory reporting of the Consumer Debt from Plaintiff's Experian credit report.

30.     As of the filing of this complaint, Defendant M.G. Credit's derogatory

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

and inaccurate information is still listed on Plaintiff's Experian credit report.

31.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

32.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

33.     Despite Defendant Experian having received Plaintiff's dispute of the Consumer Debt, Experian continues to inaccurately report the Consumer Debt on Plaintiff's personal credit report, despite the Consumer Debt being a business debt for which Plaintiff is not the personal guarantor.

34.     Continuing to report the status of the Consumer Debt in this fashion is significant.

35.     By continuing to report the status of the Consumer Debt in this fashion, lenders believe Plaintiff personally owes a significant amount of money for the Consumer Debt reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

36.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

status would cause a lower credit score to be generated.

37.     Experian failed to conduct a reasonable investigation and reinvestigation.

38.     Experian failed to review and consider all relevant information submitted by Plaintiff.

39.     Experian failed to conduct an independent investigation and, instead, deferred to M. G. Credit, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

40.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

41.     Experian's reporting of inaccurate information about the Consumer Debt, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

42.     Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant M. G. Credit despite being in possession of evidence that the information was inaccurate.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

43.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

44.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

45.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

46.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Experian credit report.

47.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

48.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

49.    The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

50.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51.    The appearance of the Consumer Debt on Plaintiff's credit report, namely, the Consumer Debt identified by Plaintiff in Plaintiff's dispute to Experian,

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

52.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

53.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

54.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5, 8-21, and 26-53 above of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

55.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

56.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

57.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

58.    Additionally, Experian negligently failed to report the Consumer Debt identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

59.    Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Experian to  delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

60.    The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

61.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

62.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

63.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Trans Union)

64.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 8-18, and 22-25 of this Complaint.

65.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Consumer Debt with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the Consumer Debt with Defendant Trans Union, a consumer reporting agency.

66.     In or around January 2024, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around January of 2024, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

67.     Defendant M. G. Credit verified the inaccurate and derogatory reporting. Despite Trans Union having been put on notice of the inaccurate and derogatory reporting, Trans Union did not remove the inaccurate and derogatory reporting of the Consumer Debt from Plaintiff's Trans Union credit report.

68.     As of the filing of this complaint, Defendant M.G. Credit's derogatory

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

and inaccurate information is still listed on Plaintiff's Trans Union credit report.

69.     Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

70.     Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

71.     Despite Defendant Trans Union having received Plaintiff's dispute of the Consumer Debt, Trans Union continues to inaccurately report the Consumer Debt on Plaintiff's personal credit report, despite the Consumer Debt being a business debt for which Plaintiff is not the personal guarantor.

72.     Continuing to report the status of the Consumer Debt in this fashion is significant.

73.     By continuing to report the status of the Consumer Debt in this fashion, lenders believe Plaintiff personally owes a significant amount of money for the Consumer Debt reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

74.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

status would cause a lower credit score to be generated.

75.    Trans Union failed to conduct a reasonable investigation and reinvestigation.

76.    Trans Union failed to review and consider all relevant information submitted by Plaintiff.

77.    Trans Union failed to conduct an independent investigation and, instead, deferred to M. G. Credit, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

78.    Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

79.    Trans Union's reporting of inaccurate information about the Consumer Debt, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

80.    Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant M. G. Credit despite being in possession of evidence that the information was inaccurate.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

81.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

82.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

83.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

84.     Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

85.     Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

86.     Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

87.     The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

88.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

89.     The appearance of the Consumer Debt on Plaintiff's credit report, namely, the Consumer Debt identified by Plaintiff in Plaintiff's dispute to Trans

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

90.    As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

91.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Trans Union)

92.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 8-18, 22-25, and 54-63 above of this Complaint.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

93.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

94.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

95.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

96.     Additionally, Trans Union negligently failed to report the Consumer Debt identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

97.     Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

[e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

98.     The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

99.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

100.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

101.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1]

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant M.G. Credit)

102.  Plaintiff incorporates the allegations regarding the Account and Defendant M.G. Credit in paragraphs ¶¶ 1-4 and 7-25 by reference of this Complaint.

103.  Defendant M. G. Credit is a licensed debt collector in the State of Florida.

104.  In or about October of 2023, Plaintiff checked her Experian credit report and noticed that there was an inaccurate and derogatory reporting from Defendant M. G. Credit.

105.  In or about October of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant M. G. Credit.

106.  In or about January of 2024, Plaintiff checked her Trans Union credit report and noticed that there was an inaccurate and derogatory reporting from Defendant M. G. Credit.

107.  In or about January of 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Trans Union by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant M. G. Credit.

108.   In response to the Disputes, Defendant Experian and Defendant Trans Union promptly and properly gave notice to Defendant M. G. Credit of the Disputes in accordance with the FCRA.

109.   As of the filing of this complaint, the inaccurate reporting has continued to be verified by Defendant M. G. Credit.

110.   Defendant M. G. Credit is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

111.   On a date better known by Defendant M. G. Credit, Defendant Experian and Defendant Trans Union promptly and properly gave notice to Defendant M. G. Credit of Plaintiff's Disputes in accordance with the FCRA.

112.   In response to the notices received from Defendant Experian and Defendant Trans Union regarding Plaintiff's Disputes, Defendant M. G. Credit did not and otherwise failed to conduct a reasonable investigation into the Consumer Debt which is the subject of the Disputes.

113.   In response to receiving notice from Defendant Experian and Defendant Trans Union regarding Plaintiff's Disputes, Defendant M. G. Credit failed

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to correct and/or delete information it knew to be inaccurate and derogatory and/or which Defendant Experian and Defendant Trans Union could not otherwise verify.

114.    Instead of conducting a reasonable investigation, Defendant M. G. Credit erroneously validated the Consumer Debt and continued to report inaccurate and derogatory information to Defendant Experian and Defendant Trans Union.

115.    On at least one occasion within the past year, by example only and without limitation, Defendant M. G. Credit violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

116.    On at least one occasion within the past year, by example only and without limitation, Defendant M. G. Credit violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian and Defendant Trans Union.

117.    On at least one occasion within the past year, by example only and without limitation, Defendant M. G. Credit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian and Defendant Trans Union about the inaccurate information.

118.    Upon information and belief, Defendant M. G. Credit was aware of the FCRA obligations to reasonably investigate disputes when it received notice of

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's Disputes.

119.    Defendant M. G. Credit's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

120.    As a direct and proximate result of Defendant M. G. Credit's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

121.    Defendant M. G. Credit's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

122.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant M. G. Credit, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant M. G. Credit)

123.  Plaintiff incorporates the allegations regarding the Account and Defendant M. G. Credit in paragraphs ¶¶ 1-4 and 7-25 by reference of this Complaint.

124.  On at least one occasion within the past year, by example only and without limitation, Defendant M. G. Credit violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

125.  On one or more occasions within the past year, by example only and without limitation, Defendant M. G. Credit violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

126.  On one or more occasions within the past year, by example only and without limitation, Defendant M. G. Credit violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

127.  When Defendant M. G. Credit received notice of Plaintiff's disputes from Defendant Experian and Defendant Trans Union, Defendant M. G. Credit could and should have reviewed its own systems and previous communications with

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff as part of its investigation.

128.   Defendant M. G. Credit would have discovered that the information it was reporting about Plaintiff was inaccurate and derogatory if Defendant M. G. Credit had reviewed its own systems and previous communications with the Plaintiff.

129.   Defendant M. G. Credit's investigation was per se deficient by reason of these failures in Defendant M. G. Credit's investigation of Plaintiff's Disputes.

130.   As a direct and proximate result of Defendant M. G. Credit's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

131.   Defendant M. G. Credit's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

132.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant M. G. Credit awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**<u>VIOLATION OF 15 U.S.C § 1692e</u>**
(Against Defendant M. G. Credit)

133.   Plaintiff incorporates the paragraphs 1-4 and 7-25 by reference of this Complaint.

134.   Section 1692e of the FDCPA prohibits the use of a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e.  The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," *see* 15 U.S.C. § 1692e(2)(A), and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." See 15 U.S.C. § 1692e(5).

135.   As set forth above, Defendant M. G. Credit attempted to collect a debt from Plaintiff that is not actually owed by Plaintiff.

136.   In attempting to collect the debt, Defendant M. G. Credit falsely represented the character and/or legal status of the underlying debt because the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

lawsuit causes the least sophisticated consumer to wrongfully believe that he or she must pay the balance of the Consumer Debt despite not being the true debtor of the Consumer debt.

137.   Plaintiff does not legally owe the debt and/or is not the debtor of the Consumer Debt and – as such – cannot be subject to any collection efforts from Defendant M. G. Credit. Thus, Defendant M. G. Credit's attempt to collect the debt is a threat to take action Defendant M. G. Credit cannot legally take.

138.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant M. G. Credit, awarding Plaintiff the following relief: [1] statutory and actual damages pursuant to 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: February 2, 2024

Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com